IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUPHRATES WHITT                                                           PETITIONER

VS.                              CASE NO. 5:07CV00114-SWW-HLJ

LARRY NORRIS, Director
Arkansas Department of Correction                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Court

Judge Susan Webber Wright. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for habeas corpus under 28 U.S.C. § 2254 by Euphrates Whitt, an inmate of the Arkansas Department of Correction.  For the reasons that follow, the petition is dismissed with prejudice.

In 2004, Petitioner was tried by a jury in Union County Circuit Court for the capital murder of Jason Hughes, committed in the course of the aggravated robbery of Hughes Grocery and Bait Shop.  Petitioner was represented at trial by Cathleen Compton and Herbert Wright, Jr.  (DE #8, p. 1)[1]  The evidence received at trial demonstrated that, on April 5, 2002,

---

[1]The transcript pages are numbered at the top and bottom of each page.  The references herein are to the bottom number.

at around 8:00 p.m., Petitioner and Adam Norris[2] drove past the store, onto Dollar Junction

Road in Huttig.  According to Adam, Petitioner asked him to pull over so he could relieve

himself.  (*Id.* at 949) Adam backed off the road, turned the vehicle off, and took the keys out

of the ignition.  Petitioner then took the keys from Adam and announced he was going to rob

the store. (*Id.* at 950) Petitioner left wearing a dark blue or black hooded sweater and blue

jeans.  When he returned to the vehicle fifteen or twenty minutes later, Petitioner wore only

a white t-shirt and blue jeans.  Petitioner pointed a gun in Adam's direction and told Adam

to take him to El Dorado. (*Id.* at 954) During the drive to El Dorado, Petitioner was in

discomfort and, at one point, stated, "I think I shot the guy in the leg," and "the mother

fucker shot me in the fucking back." (*Id.* at 956) Once they arrived in El Dorado, Petitioner

got out of the car and threatened to kill him if he said anything. Petitioner then got out of the

car and limped down the road.  (*Id.* at 963)   Adam immediately left and subsequently tried

to clean the blood out of his car.  (*Id.* at 969) Forensic testing of the fabric from the passenger

seat of Adam's car revealed that the blood belonged to Petitioner.  (*Id.* at 1185-7)

Thomas Norris testified at trial that, on the night of April 5, 2002, he arrived at the

Hughes Grocery and Bait Shop at around 8:30.  (*Id.* at 805) As he opened the door, Norris

saw a black man wearing a blue hooded sweatshirt exit the store.  (*Id.* at 806-7) According

to Norris, the man had a piece of paper hanging off of him.  Once inside the store, Norris

---

[2]Because this case involves two witnesses with the last name "Norris," the court refers to Adam Norris by his first name and Thomas Norris by his last name.

looked back and saw the man running down the street.  He noticed that the store looked as

if "there had been a tussle." (*Id.* at 809) Norris saw Hughes' legs sticking out from behind

the counter, and he ran over to see if there was anything he could do to help him. (*Id.* at 812)

Realizing there was nothing he could do, Norris left and found some officers who followed

him back to the store. (*Id.* at 815)

Union County Sheriff's Office criminal investigator, Mark Thomas, testified that a

blue hooded sweatshirt was located approximately 98.9 feet from the corner of the store's

parking lot and approximately 10 feet north of Dollar Junction Road. (*Id.* at 847) The blood

of the Petitioner and the victim was found on the sweatshirt.[3] (*Id.* at 854-55)

George Snowden and Ahmad Murphy testified that, on the night of April 5, 2002, they

were at Snowden's home in El Dorado, when between 9:00-10:00 p.m., Petitioner knocked

on the back door, wearing a white, sleeveless tank top and black pants. (*Id.* at 1001-1003,

1024-1025) Petitioner told them he had been "jumped" and shot.  Snowden offered to take

Petitioner to the hospital, but Petitioner refused and said, "No, no, no, I'll get in trouble."

(*Id.* at 1003-5, 1024)  Instead, Petitioner requested that Snowden and Murphy call Terrance

---

[3]Thomas testified that a blood stain found on the inside of the sweatshirt in the back was a partial match to Petitioner's blood and he could not be excluded.  From his reading of the report, Investigator Thomas concluded that it was the defendant's blood. (DE #8, p. 855) Terry Rolfe, a forensic biologist at the Arkansas State Crime Lab, also testified that a partial DNA profile taken from the sweatshirt was consistent with Petitioner's DNA, and she opined that Petitioner's DNA was on the sweatshirt.  Although Rolfe could not say the partial DNA profile was a match with Petitioner's DNA with all "scientific certainty," she testified that "there was nothing in that profile that I could not attribute to [Petitioner]." (*Id.* at 1190-98).

Williams.  (*Id.* at 1005, 1025) Petitioner slept at Snowden's house that night and left with

Williams the following morning.  (*Id*. at 1007)   Williams took Petitioner to the bus station

in Monroe, Louisiana, and Petitioner bought a bus ticket for Birmingham, Alabama.  (*Id*. at

1043, 1047)  Williams testified Petitioner told him during the drive to Monroe that he tried

to rob a man at the store and that he thought he shot the man.  *(Id*. at 1050)*

After deliberating, the jury found Petitioner guilty of capital murder and aggravated

robbery and sentenced him to a term of life imprisonment without the possibility of parole

on the capital-murder charge and a term of life imprisonment on the aggravated-robbery

charge, with the sentences to run consecutively.

On direct appeal, counsel, on behalf of Petitioner, argued the circuit court erred in

denying his motion for directed verdict.   The Arkansas Supreme Court affirmed the

convictions.  *Whitt v. State*, 365 Ark. 580, 232 S.W.3d 459 (2006).  Petitioner subsequently

sought state post-conviction relief under Rule 37 of the Arkansas Rules of Criminal

Procedure, and the Union County Circuit Court entered an order denying relief on September

20, 2006.  Summarizing his arguments, Petitioner raised three grounds: (1) trial counsel

permitted the presentation of circumstantial evidence without objection as to its relevance,

(2) he was denied due process of law when he was denied witnesses on his behalf due to the

State's budgetary restraints, and (3) he was denied due process by the trial court, who was

fully aware of his limited defense, when it denied his directed-verdict motion.  (*See* DE #2,

Order Denying Rule 37 Petition)   The Arkansas Supreme Court dismissed the appeal from

the denial of Rule 37 relief on February 8, 2007, and Petitioner timely filed his federal habeas

petition on May 18, 2007.

In these proceedings, Petitioner argues his convictions are unsupported by evidence

of proof beyond a reasonable doubt.  (DE #3, Petition for Writ of Habeas Corpus, p. 6)  The

court liberally construes this claim as a due process challenge to the sufficiency of the

evidence to support the convictions.  Respondent contends the petition should be dismissed

because Petitioner did not present the constitutional aspect of his claim to the state court, and

he cannot establish cause for the default and resulting prejudice as required by *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).  Alternatively, Respondent argues, if the issue was

properly raised in state court, under *Williams v. Taylor*, 529 U.S. 362, 389 (2000), the state

court's resolution of it was not contrary to, or an unreasonable application of, federal law as

established by the United States Supreme Court.[4]  The court will not address the procedural-

default argument here because, even if Petitioner properly presented his claim to the state

court, he is not entitled to habeas relief.

At trial, Petitioner's counsel moved for a directed verdict at the close of the State's

---

[4]Although given the opportunity, Petitioner has not filed his reply to Respondent's arguments.  After the court's last grant of an extension of time in which to file his reply, dated September 16, 2009 (DE # 13), Petitioner requested an additional forty-five days to address the Response. (DE #15) The court first notified Petitioner of this opportunity on June 22, 2007, and again on August 11, 2009, followed by additional grants of time to prepare and file his reply.  Petitioner has had ample time to file a reply, and no further delay is warranted.  Therefore, the motion for Extension of Time to File a Reply (DE # 15) is denied.

case and at the close of the evidence, arguing the evidence was insufficient to support a

verdict on the charges of capital murder and aggravated robbery. (DE #8, p. 1218-19, 1240-

41) The trial court denied Petitioner's motions for directed verdict. (DE #8, p. 1222,1241)

On direct appeal, Petitioner's counsel argued the State failed to present substantial evidence

that he was guilty of capital murder and aggravated robbery, but he did not expressly raise

a constitutional challenge to the sufficiency of the evidence to support his convictions. The

Arkansas Supreme Court rejected Petitioner's sufficiency of the evidence claim, concluding

there was substantial evidence to support the convictions. *Whitt v. State*, *supra*. In doing so,

the Arkansas Supreme Court did not cite the United States Constitution or federal case law.

The Eighth Circuit has held that, for procedural default purposes, "any challenge to the

sufficiency of the evidence to convict in a state prosecution is necessarily a due process

challenge to the conviction." *Satter v. Leapley*, 977 F.2d 1259, 1262  (8th Cir. 1992).

However, the Eighth Circuit has also acknowledged that the standard used for determining

whether the evidence is sufficient to support a conviction under Arkansas state law is

"arguably different than the due-process standard enunciated" in *Jackson v. Virginia*, 443

U.S. 307 (1979), but the court did not express an opinion on whether the Arkansas standard

was lower, higher, or the same as in *Jackson*. *See Nance v. Norris*, 392 F.3d 284, 289 (8th

Cir. 2004), *cert. denied*, 546 U.S. 858 (2005).

       In Arkansas, when reviewing a challenge to the sufficiency of the evidence, the

appellate courts review the evidence in a light most favorable to the State, considering only

the evidence that supports the verdict and affirming if substantial evidence[5] exists to support

it.  *See Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002).  In federal court, however, when

determining whether "a conviction transgresses the bounds of due process," the court, while

viewing the evidence in a light most favorable to the prosecution, looks to whether any

"rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Nance v.*

*Norris*, 392 F.3d at 290 (quoting *Jackson*, 443 U.S. at 324, 326); *see also Sera v. Norris*, 400

F.3d 538, 543 (8th Cir. 2005); *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000).

In support of his due process claim that the evidence was insufficient to support his

convictions, Petitioner alleges one has to resort to speculation and conjecture to find him

guilty because there is no direct evidence to place him at the crime scene, and there are no

witnesses to state affirmatively that he was the perpetrator.  (DE #2, Petition for Writ of

Habeas Corpus, p. 6)

Under Arkansas law, in order to sustain a conviction of capital murder committed in

the course of an aggravated robbery, the State must prove beyond a reasonable doubt that a

defendant, "[a]cting alone or with one (1) or more persons," committed or attempted to

commit robbery, and "in the course of and in furtherance of the felony, or in immediate flight

therefrom," the defendant or an accomplice caused the death of another person "under

circumstances manifesting extreme indifference to the value of human life."  Ark. Code Ann.

---

[5]Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.  *Hayes v. State*, 346 Ark. 388, 58 S.W.3d 336 (2001).

§05-10-101(a)(1) (Repl. 1997)  A person commits aggravated robbery if he commits robbery

and is armed with a deadly weapon or represents by word or conduct that he is so armed.

Ark. Code Ann. § 5-12-103(a)(1) (Repl. 1997).  A person commits robbery if, with the

purpose of committing a felony or misdemeanor theft or resisting apprehension immediately

thereafter, he employs or threatens to immediately employ physical force upon another.  Ark.

Code Ann. § 5-12-102(a) (Repl. 1997).

"The Due Process Clause does not forbid prosecutors from drawing reasonable

inferences from circumstantial evidence," *Schneider v. Delo*, 85 F.3d 335, 342 (8th Cir.

1996) (citing *United States v. Karam*, 37 F.3d 1280, 1289 (8th Cir. 1994), *cert. denied*, 513

U.S. 1156 (1995)), and the *corpus delicti* of the crime may be proven in whole or in part by

circumstantial evidence. *United States v. Wright*, 340 F.3d 724, 730 (8th Cir. 2003).  Further,

"it is well-settled that the jury is entitled to consider circumstantial evidence exactly as it

would direct evidence." *United States v. Lam*, 338 F.3d 868, 871 (8th Cir. 2003).  It "is not

necessary that the evidence exclude every reasonable hypothesis except guilt; instead, the

evidence is simply sufficient if it will convince a trier of fact beyond a reasonable doubt that

the defendant is guilty." *Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir.1996).

The Court finds that the evidence here, considered as a whole and in the light most

favorable to the verdict, was sufficient to allow the jury to find each element of the offenses

beyond a reasonable doubt.  Any rational trier of fact could have found beyond a reasonable

doubt that Petitioner, while brandishing a gun with the purpose of committing or attempting

to commit a theft, entered the Hughes Grocery and Bait Shop, and manifesting extreme indifference to the value of human life and while acting either alone or with another, caused the death of Jason Hughes.  The Court accordingly holds that the convictions do not violate Petitioner's federal right to due process as defined in *Jackson.*  Therefore, Petitioner's claim is dismissed with prejudice.

IT IS THEREFORE ORDERED that Petitioner's Motion for Extension of Time to File a Reply (DE #15) is denied.

IT IS THEREFORE FURTHER ORDERED that this case be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 21ˢᵗ day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE